IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION


BRADY DOUGLAS and ROBERTO RAMIREZ                                    PLAINTIFFS

VS.                                                         CIVIL ACTION NO. 3:13CV271-M

CHARLES NORWOOD d/b/a NORWOOD
TRUCKING, NORWOOD TRUCKING, INC., NTC
and ROGER SHAW                                                         DEFENDANTS


**ORDER**

This cause comes before the court on defendants' motion for Rule 12 dismissal or, alternatively, Rule 56 summary judgment, on the grounds that this action was not timely filed. Plaintiffs have responded in opposition to the motion, and, the court, having considered the memoranda and submissions of the parties, concludes that a Rule 56 summary judgment motion is the proper context in which to consider the limitations issues in this case but that the parties should first conduct limited discovery prior to such a motion being filed. The instant motion will therefore be dismissed without prejudice to refiling at a later date. Prior to dismissing the motion to dismiss, however, the court will provide its initial observations regarding the issues raised in it. Hopefully, these observations will assist the parties in their discovery and future briefing on these issues.

This is a negligence case, based on diversity jurisdiction, involving an automobile accident that occurred in Boone County, Kentucky on November 2, 2010. In their complaint, the plaintiffs, who are Texas residents, seek recovery against defendant Roger Shaw and his employer Charles Norwood d/b/a Norwood Trucking, Inc. ("Norwood"). Both Shaw and

1

Norwood are domiciled in Mississippi, and plaintiffs allege that the negligence of both contributed to the accident which left them injured.

Defendants argue in the present motion, however, that Kentucky law applies in this case and that its two-year statute of limitations bars the instant action. Plaintiffs filed suit in this court on October 31, 2013, which is almost three years after the accident and thus, barring some form of legal or equitable tolling, is untimely under Kentucky law. However, the limitations issues in this case are rendered far more difficult and complex by the fact that plaintiffs initially filed suit in Texas, on August 3, 2012,[1] which was timely even under Kentucky law. However, the Texas court granted, on June 19, 2013, defendant Charles Norwood's motion to dismiss for lack of personal jurisdiction. The Texas court only granted this relief after Norwood had represented to it, in formal briefing in March 2013, that:

> The dismissal and refiling of this case in Boone County, Kentucky would not work an injustice to Cross Plaintiff, as the statute of limitations has not run.[2]

As best this court can tell, this statement was not accurate at the time it was made, given that Kentucky's two-year statute of limitation appears to have run, barring some tolling, on November 2, 2012. As discussed below, it appears to the court that Kentucky law provides for no such tolling of its two-year statute of limitations on the basis of claims filed outside of that state.

Norwood now moves this court for dismissal on the very same statute of limitations grounds which, he assured the Texas court, would not pose an obstacle to Ramirez refiling this suit. This obviously raises serious equitable and estoppel concerns, which the court discusses below. First, however, the court will address the legal issues relating to whether this action was

---

[1] Somewhat confusingly, plaintiff Douglas, who was the passenger in the vehicle, was listed as the sole plaintiff in the Texas action and plaintiff Ramirez, who was driving Douglas, was listed as a defendant but was referred to by the parties in the Texas suit as a "cross-plaintiff."

[2] The court notes that defendants' present counsel did not make the representations in question to the Texas court.

timely filed, barring some form of estoppel. The court initially observes that, in cases involving automobile accidents, it has generally applied the law of the state where the accident occurred, even in cases where, as here, there were allegations that related acts of negligence occurred in other states. In *Maggette v. BL Development Corp.*, No. 2:07CV181, for example, this court, following considerable research, applied Arkansas law to a case involving a bus accident resulting in multiple fatalities which occurred in that state. This court applied Arkansas law even though the bus was filled with passengers from Illinois on their way to a casino in Mississippi, and there were allegations that negligent acts in both states had contributed to the accident.

In this case, plaintiffs allege that acts of, *inter alia*, negligent hiring and supervision in Mississippi by Norwood contributed to the accident in Kentucky, but the complaint's allegations in this regard are rather vague and conclusory. For example, the complaint alleges that Shaw was an incompetent driver and that Norwood should have known such when it hired him, but it makes no specific allegations in this regard. The complaint further fails to provide specifics as to how Norwood failed to "supervise" Shaw while he was driving hundreds of miles away in Kentucky. Accordingly, while the court makes no formal ruling on the choice of law issues at this time, it is rather strongly inclined to conclude that Kentucky law will apply in this case. Indeed, the parties themselves appear to have assumed that this would be the case throughout much of this litigation, including in the complaint, where plaintiffs allege that Kentucky statutes were violated.

The likely applicability of Kentucky law is unfortunate for plaintiffs in this case, since that state's law provides for a two-year statute of limitations for automobile accidents such as this one, subject to exceptions which plaintiffs appear to acknowledge are not applicable in this case. Even worse for plaintiffs, while this court's research indicates that Kentucky law does

have a savings statute applicable in cases where suit is timely filed initially but dismissed for lack of jurisdiction, that statute provides, and has been so interpreted, to only be applicable to cases filed in Kentucky. Specifically, KRS 413.270 provides that:

> (1) If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within ninety (90) days from the time of that judgment, commence a new action in the proper court. The time between the commencement of the first and last action shall not be counted in applying any statute of limitation.

Unfortunately for plaintiffs, however, they filed their first action in Texas, not Kentucky, and a Kentucky appellate court has held that the savings statute must be strictly construed and is inapplicable where suit is filed in another state. *See Blair v. Peabody Coal Co.,* 909 S.W.2d 337 (Ky. App. 1995).

This court's research further indicates that while Mississippi has its own savings statute, the Mississippi Court of Appeals has held that, like the Kentucky statute, it does not apply to suits which were filed and dismissed in other states. *See S & H Grocery Inc. v. Gilbert Const. Co., Inc.,* 733 So.2d 851 (Miss. App. 1998), interpreting Miss. Code Ann. § 15-1-69. This is significant, since it considerably weakens plaintiffs' argument that the application of Kentucky's statute of limitations would run counter to the public policy of this state.[3] Defendants' legal position in this context is rendered even stronger by the existence of another Mississippi statute which provides that where a cause of action which "accrued" in another state is time-barred in that state, a non-resident may not bring suit in this state based on that cause of action. Specifically, § 15-1-65 provides that:

> When a cause of action has accrued outside of this state, and by the laws of the place outside this state where such cause of action accrued, an action thereon cannot be

---

[3] The court's findings in this regard are subject to change, since they merely reflect its own research, and the parties have not had an opportunity to submit arguments in this regard.

> maintained by reason of lapse of time, then no action thereon shall be maintained in this state; provided, however, that where such a cause of action has accrued in favor of a resident of this state, this state's law on the period of limitation shall apply.

The evident purpose of this statue is to prevent Mississippi courts from becoming a "haven" for actions which are time-barred in other jurisdictions, and it strikes the court as being supported by significant public policy considerations. In light of the foregoing, the court is inclined to agree with defendants that Kentucky law applies and that the law of that state would deem the present action to be time-barred.

While the court thus finds defendants' legal arguments to be persuasive, it considers the plaintiffs' equitable position in this case to be a strong one. Wherever possible, this court seeks to avoid fundamentally unjust results in its courtroom. In the court's view, dismissing on statute of limitations grounds an action that was timely filed in Texas court and which was dismissed on jurisdictional grounds only after one of the defendants had assured the Texas court that a refiling of the lawsuit would not be time-barred would seemingly be an unjust result. The court would prefer to avoid such an unjust result if it has the equitable authority to do so. It is not clear to this court, at this juncture, whether it does, and it would like to consider additional evidence, and likely conduct a hearing, before making a formal ruling in this regard.

Defendants argue that the Texas court did not rely upon Mr. Norwood's assurance in making its ruling, but it is not clear how they can know that such is the case. In this court's experience, courts are often cognizant of the "real life" consequences of their rulings, even if those consequences are not strictly relevant to the legal analysis at hand. Based on the limited exhibits provided to this court, it appears that the Texas court simply ruled without explanation that Norwood's "special appearance should be sustained" and that Ramirez's claims against Norwood were "dismissed for lack of personal jurisdiction." Given the lack of explanation in its

order, it is unclear to this court whether the Texas court felt that the jurisdictional issues were completely clear or whether they might have presented a "close call" as to which plaintiff's ability to re-file suit might have been deemed a relevant consideration.

This court has reviewed Norwood's Texas motion, and it appears to be a rather bare-bones affair. In particular, the motion merely asserts that Norwood has "never maintained a place of business in Texas or a residence in Texas" with no further recitation of the extent of his contacts with that state. This strikes the court as being a very selective recitation of facts for an individual who is the principal of a trucking company which, one would presume, regularly sends its eighteen-wheel trucks over the highways of Texas.[4] If such is not the case, then Norwood did not so indicate in his motion. The court further notes that Norwood's motion merely argued that *specific* jurisdiction was inapplicable, and this seems clear enough, considering that the claims arising from the Kentucky automobile accident did not arise from any contacts Norwood may have had with Texas. *See Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.,* 517 F.3d 235, 241 (5th Cir. 2008).

Norwood's brief did not address the issue of whether general jurisdiction existed under *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408 (1984). It is well settled that where a defendant has "continuous and systematic general business contacts" with the forum state, the court may exercise "general" jurisdiction over any action brought against that defendant, even if a particular cause of action did not arise out of the defendant's in-state activities. *Luv N' Care Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. at 414). Establishing general

---

[4] The court would hasten to add that it has no intention of relitigating the issue of whether personal jurisdiction existed over Norwood in Texas. Indeed, it likely lacks the authority to do so even if it wanted to. Suffice it to say, however, that the court would be more willing to grant Norwood the relief he seeks if his briefing before the Texas court more clearly established that personal jurisdiction over him was lacking.

6

jurisdiction is quite difficult, and the Texas court may well have reached the same result even if given a full picture of Norwood's contacts with Texas. Regardless, Norwood's brief on this issue is vague enough that this court cannot conclude, based upon the limited evidence before it, that his representation that plaintiff could refile his suit elsewhere did not play a role in the Texas court's ruling.

Presumably, Norwood would not have represented that Ramirez's action could be refiled after dismissal if it did not believe it would have an impact on the Texas court's ruling.[5] It is not clear to this court why he should receive the benefit of the doubt in this regard, since he is the one who made false representations to the Texas court in the first place. Still, the court is cognizant of the fact that its equitable powers under these circumstances have their limits, and it finds the proof and briefing which is presently before it to be insufficient to allow it to make a decision either way. It appears to the court that potential options for barring the raising of a statute of limitations defense in this case include the doctrines of judicial or equitable estoppel. Each of these doctrines has certain specific requirements, relating largely to whether either a court or a party relied to their detriment on a particular representation, and it is not clear to this court at this juncture whether these requirements are met. The court concludes, however, that this inquiry is (at least potentially) a fact-intensive one and that the parties should first conduct limited discovery on this issue prior to submitting revised briefing. This briefing should be a full summary judgment briefing, and it should include all relevant orders and proof from the Texas proceedings, as well as any proof relevant to the issue of reliance by the Texas court or by the plaintiffs (or their counsel) in this case.

---

[5] Defendants note that Norwood made this representation in the portion of his brief which alternatively argued that the case should be dismissed based upon *forum non conviens*. It is not clear to this court why this makes a significant difference, since the Texas court was nevertheless advised of this erroneous contention.

In their revised briefing, the court would also like the parties to brief the issue of whether it has the inherent judicial authority to preclude a certain defense from being raised in order to protect the integrity of the judicial process. It strikes the court that, regardless of whether the Texas court, the plaintiffs or their counsel relied upon Norwood's statement, the facts remain that 1) Norwood did, in fact, assure the Texas court that the action could be refiled if dismissed 2) the statement was false at the time Norwood made it and 3) he now seeks to assert the same statute of limitations defense which, he assured the Texas court, would not be an issue if the case were dismissed.

The reliance interests protected by the doctrines of judicial and equitable estoppel are important ones, but so is the basic integrity of the judicial process. It is certainly arguable that allowing Norwood to raise the statute of limitations defense under the unique circumstances of this case would be an insult to the integrity of that process. It should also be noted that the "harm" that Norwood would suffer if his statute of limitations defense were disallowed would be that a case which was timely filed originally would be allowed to proceed on its merits, just as he assured the Texas court it would. Trying cases on their merits is, of course, the basic function of this court, and its natural judicial instinct is to perform this function in this case, if considerations of law and equity permit it to do so. It is not clear at this juncture whether they do.

After discovery, this court will likely hold a hearing in this regard so that it is able to get a full picture of the facts relevant to this issue. The court suggests that the parties also consider using the discovery period to enter into settlement negotiations. It seems clear that there is a considerable uncertainty looming over these proceedings, and, even if this court decides that considerations of equity should bar defendant from raising a statute of limitations defense, the Fifth Circuit may not agree. Accordingly, it may benefit all parties to seek to remove the

uncertainty in this regard by making a candid evaluation of the strengths and weaknesses of their legal positions and trying to resolve this matter accordingly.

Regardless, the court finds a Rule 12 motion to dismiss to not be the proper context in which to decide these difficult equitable issues, and there is insufficient evidence in the record to allow the court to treat it as a summary judgment motion. Defendants' motion to dismiss [8-1] will therefore be dismissed without prejudice to be refiled as a summary judgment motion following limited discovery on any issues relevant to this motion. Plaintiffs' motion to strike defendants' rebuttal brief, or alternatively, to file a sur-rebuttal brief is denied.[6]

So ordered, this the 27th day of August, 2014.

                                             **/s/ MICHAEL P. MILLS**
                                             **UNITED STATES DISTRICT JUDGE**
                                             **NORTHERN DISTRICT OF MISSISSIPPI**

---

[6] One obstacle plaintiffs face in obtaining relief from the court are the actions of their counsel, who failed, on two occasions, to submit a sur-rebuttal brief when he had specifically represented to the court that he would. As sanction for same, the court will disallow the filing of a sur-rebuttal brief, where it would otherwise have been freely granted.